**Warren C. DOWNIE, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

Civ. A. No. 83–1224–C.

United States District Court, D. Massachusetts.

Feb. 27, 1986.

Edwin L. Wallace, Latti Associates, Boston, Mass., for plaintiff.

Asst. U.S. Atty. Andrew S. Hogeland, for defendant.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action in which the plaintiff, Warren C. Downie, Jr., pursuant to 42 U.S.C. § 405(g), seeks an order reversing a final decision of the Secretary of Health and Human Services ("the Secretary") which denied his claim for disability insurance benefits. The matter is before this Court on the plaintiff's motion for summary judgment and the defendant's motion for an order affirming the Secretary's decision.

The record shows that the plaintiff filed an application for disability insurance benefits on September 25, 1981, alleging an inability to work since 1971.[1] The application was denied both initially and on reconsideration by the Social Security Administration ("SSA"). The plaintiff then appeared with his representative and two witnesses at a hearing before an administrative law judge ("ALJ"), who considered the case de novo. The ALJ denied the plaintiff's application for disability benefits, the Appeals Council declined further review, and the plaintiff instituted a civil action in this Court seeking review of the Secretary's final decision denying him disability benefits. Because one of the tape recordings of the hearing before the ALJ was missing and a transcript of the proceedings therefore could not be completed, the plaintiff's case was remanded to the Secretary for the purpose of holding a de novo hearing.

At the plaintiff's request, his case was assigned to a different ALJ than the one who had initially considered the case. Following a de novo hearing, the second ALJ

---

1. Two prior applications, filed by the plaintiff in 1971 and 1979, are not in issue before this Court.

denied the plaintiff disability benefits. The ALJ found that the plaintiff was not disabled, as defined in the Social Security Act ("the Act"), at any time through September 30, 1976, the last date on which the plaintiff met the special earnings requirements of the Act for purposes of disability insurance benefits. The Appeals Council affirmed the ALJ's decision. The plaintiff then instituted the instant action in this Court.

Under the standard of review established by the Act, the Secretary's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g). Thus a court must uphold the findings if, reviewing the record as a whole, a reasonable mind could accept the evidence as adequate to support the Secretary's conclusion. *Rodriguez v. Secretary of Health and Human Services,* 647 F.2d 218, 222 (1st Cir. 1981).

The issue in this case, therefore, is whether the Secretary's decision that the plaintiff was not disabled within the meaning of the Act on or before September 30, 1976, is supported by substantial evidence. The plaintiff argues that the Secretary erred in finding that he was engaged in substantial gainful activity within the meaning of the SSA regulations during the period of October 1974 through September of 1976, and, consequently, that he was not then disabled.

■ When evaluating a disability claim, the SSA applies the five-part test embodied in the SSA regulations at 20 C.F.R. § 404.-1520. The first question the evaluator asks is whether the claimant is engaged in substantial gainful activity, that is, whether he is gainfully employed. *Goodermote v. Secretary of Health and Human Services,* 690 F.2d 5, 6 (1st Cir.1982). If he is, then he will not be found disabled regardless of his medical condition at the time. 20 C.F.R. § 404.1520(b).

The SSA regulations provide guidelines based on the claimant's earnings from work, for determining whether an individual's work activity constitutes substantial gainful activity. 20 U.S.C. § 404.1574. Or-

dinarily, earnings from work activities as an employee in excess of an average of $200 a month in the calendar years prior to 1976 and of $230 per month in 1976 show that an individual was engaged in substantial gainful activity. 20 U.S.C. § 404.-1574(b)(2). The pertinent time period in this case is March 20, 1974 through September 30, 1976. The plaintiff's current status is not at issue.

The evidence shows that the plaintiff worked as an interviewer for the Massachusetts Division of Employment Security ("the DES") from 1974 through August of 1978. From March 1974 through October 1974, the plaintiff worked under a program devised and paid for by the Massachusetts Rehabilitation Commission. He was paid the minimum wage and allowed to go to therapy for his back problem every morning. From September 7, 1974 through August 15, 1978, the plaintiff was a regular employee of the DES, a senior claims interviewer, and earned between $156 and $220 per week. This record of earnings creates the presumption that the plaintiff was engaged in a substantial gainful activity during that time period.

■ To rebut this presumption, the plaintiff argues that, although he accepted full salary from the DES, he did not perform, and was not capable of performing, as a full-time employee. In support of this contention, the plaintiff points to the 128 days of work he missed during this four-year period, including sick leave, vacation leave and leave without pay. In addition, the plaintiff refers to evidence that, for the first year at least, his supervisor helped him complete his paper work. The plaintiff also avers that he defrauded the State of Massachusetts by saying that he was on trips to interview employers when he actually stayed home and either did no work or else contacted prospective employers by telephone.

During the time he was employed by the DES, the plaintiff experienced significant recurrent back pain which required him to

shift positions from standing to sitting while at work. The record, however, does not include any evidence that the plaintiff sought treatment for his back condition at that time. In fact, the plaintiff's medical record, made upon his admission to the Addison Gilbert Hospital on August 19, 1978, indicates that the plaintiff had done well following an operation in 1969, up until the prior week.

Although the plaintiff claims that he was not a productive employee of the DES, his supervisor, Mr. David Brown, wrote a letter, sometime after the plaintiff's resignation from the DES in 1979, which states that the plaintiff, despite his poor attendance record and constant back problem, "was one of the more productive interviewers ... and more than justified his position." At the hearing before the ALJ, Mr. Brown stated that, contrary to what he had written in the letter, the plaintiff had not been a productive interviewer until his last two years with the DES. Mr. Brown also testified that while the plaintiff did not do make-work for the DES, he fulfilled all the requirements of his job for only short periods of time. A review of the plaintiff's work records, however, shows that his attendance during his first two years at the DES, from October 1974 through at least June 1976, was sufficiently regular to show regular work activity. I rule that the Secretary's findings that the plaintiff was engaged in substantial gainful activity from October 1974 through September of 1976, and that he therefore was not disabled as defined in the Act during the relevant period of March 1974 through September 1976, is supported by substantial evidence. I note that the documentary evidence supports the ALJ's decision and that the ALJ found the testimony of the plaintiff and Mr. Brown not entirely credible.

The Clerk of this Court is directed to send a copy of this memorandum to the Massachusetts Division of Employment Security.

Order accordingly.